ALEXANDER OGLESBY V. THE STATE.

1. A colored sergeant, in garrison and on duty adjoining an incorporated city,
   arrested a citizen of Texas with his military guard, while he was out-
   side the garrison grounds, standing in a street of the city, and, with
   fixed bayonets, escorted him to the garrison, for using insulting words to
   the sergeant.  *Held*, that the sergeant of the guard being charged by the
   laws of the United States with the good order and discipline of the fort,
   was justified in going out of the fort to remove the citizen and abate
   the nuisance caused by his abusive language.
2. Under such circumstances an indictment of the sergeant for false impris-
   onment could not be sustained ; a fine of $250 was "oppressive and
   vindictive, and this court will not give its sanction (September 30, 1873)
   to any such proceeding."

APPEAL from Cameron.  Tried below before the Hon.
William H. Russell.

Alexander Oglesby, a United States soldier of African
descent, was indicted in April, 1873, for false imprison-
ment of James Logan.  It appears that Logan, with some
companions, was, on the twenty-seventh of December,
1872, passing the guard-house within the garrison of Fort
Brown, which is near the exterior fence adjoining the
city of Brownsville.  In passing the guard-house Logan
said to Oglesby, a sergeant in command of the guard,
"Never mind the guard."  It was shown that this ex-
pression was only used by commanding officers, and was
considered in the army improper for a civilian to use un-
der the circumstances.

The testimony as to what occurred after Logan passed

out of the garrison grounds and while in the street is conflicting. The witnesses for the prosecution testified that Oglesby said to Logan, "Did you call me a black son of a b——h?" but they deny that Logan used any such expression.

The witnesses for the defense testified that Logan, after leaving the garrison, said, "You black son of a b——h, come out here and I will put a head on you." Oglesby ordered a sergeant and two soldiers under his command to arrest Logan when standing in the street, from ten to forty feet from the garrison, which order was executed with fixed bayonets. Whether Oglesby, beyond his order, assisted in the arrest is not clear. Three witnesses testified that Oglesby ordered the sergeant and guard to "take that man dead or alive." Logan was arrested, carried within the fort, detained by the sergeant from ten minutes to half an hour, and then released by order of the commanding officer. Verdict of guilty and fine of $250, from which Oglesby appealed.

*Blackburn*, for appellant.

*Browne*, for the State.

WALKER, J.—There is no conflict about the material facts in this case. There is some disagreement among witnesses on comparatively unimportant matters. The appellant is a colored sergeant, who was serving with his company on duty at Fort Brown at the time of the occurrence for which he has been prosecuted. The prosecuting witness, finding the sergeant on duty, and being in company with several of his friends, abused and insulted him whilst inside of the fort, after which he retired a few feet beyond the inclosure of the fort, and there renewed his insults in a gross and vulgar manner, and using such language as was calculated to disturb military discipline and

bring on a disturbance of the peace. It will be observed that Oglesby was sergeant of the guard, and, as such, charged under the laws of the United States with the good order and discipline of the fort. He would doubtless have been justified in taking much more severe measures than he did if he had proceeded whilst Logan and his companions, three in number, were inside the fort. But did Logan cease to disturb the order and discipline of the fort after he had gone outside its inclosure? The evidence is that he did not, but remained immediately outside bantering and abusing the sergeant, and thereby disturbing the order and discipline of the fort. It cannot be contended that the United States troops are confined to the immediate inclosures of their fortifications in repelling and preventing disturbances of their order and discipline. They are as well protected in the discharge of their duties as the citizen is in his liberty, and if a vulgar blackguard should present himself before the walls of a fort or at the outer door of the guard room, there to insult and abuse an officer or a private soldier in the discharge of his duty, the officer on duty would be justified in using necessary force to remove him and abate the nuisance. In this case the offender was arrested by order of the sergeant of the guard, taken before the officer of the day and immediately released. Some of the witnesses say that he was not detained more than ten minutes, others put the time at a half hour; and for this supposed offense the appellant has been prosecuted and fined two hundred and fifty dollars. Such a fine is oppressive and vindictive, and it is not the business of this court to give its sanction to any such proceeding.

The judgment of the District Court is reversed and the cause dismissed.

REVERSED AND DISMISSED.